UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                      Case No. 10-20743
KEITH McCLOUD,                         Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

The Defendant in this criminal matter, Keith McCloud, is charged with (1) one count of conspiring to commit wire fraud, 18 U.S.C. § 1349; (2) three counts of bank fraud, 18 U.S.C. § 1344; (3) and three counts of knowingly making a false statement for the purpose of influencing the action of a federally-insured financial institution, 18 U.S.C. § 1014. Currently before the Court are three motions in limine.

1.

In its first motion in limine (filed on July 11, 2012), the Government seeks to exclude any evidence or argument that is designed to induce or attempt to induce jury nullification. In connection with this request, the Government submits that three broad categories of evidence should be excluded. First, it points to any evidence or argument which attempts to blame victim lenders for the charged acts of fraud. This category includes one of McCloud's proposed exhibits (namely, a consent agreement between the Federal Deposit of Insurance Corporation (FDIC) and the Fremont Investment and Loan Company (Fremont), one of the lenders who was allegedly

defrauded by McCloud). Second, the Government seeks to exclude any evidence or argument which suggests that the bank did not rely upon the misrepresentations allegedly made by McCloud. Third, the Government wants to preclude the introduction of any evidence or argument regarding the unrelated wrongdoing of others.

The Government's motion covers a broad swath of potential evidence. In response, McCloud submits that any such evidence, which has been identified by the Government, would be offered to show that he (1) lacked any knowledge of the alleged fraud; and (2) acted in good faith in his reliance on the advice of third party industry insiders. Furthermore, McCloud indicates that his proofs would show that bank practices made it more likely that customers could be victimized by mortgage industry insiders.

McCloud has been charged with a variety of criminal offenses that contain a mens rea element (e.g., "knowingly") 18 U.S.C. § 1344, 18 U.S.C. § 1014.  Therefore, the Court is hesitant to exclude broad categories of evidence that may be relevant in establishing a defendant's mental state. While certain pieces of evidence could be used to assign blame to the lenders, it is also conceivable that this same evidence could be used to demonstrate McCloud's mental state in this criminal action.

McCloud submits that the agreement between Fremont and the FDIC is relevant and probative to demonstrate that the employees and agents of this investment and loan company did not exercise due diligence in verifying the information within the loan applications. McCloud submits that this evidence addresses the question of whether he had knowledge of the alleged misrepresentations in his loan application. The Court fails to see how a 2007 consent agreement between these two non-parties could relate to McCloud's mental state at a time when he allegedly

made the misrepresentations (to wit, March 2005 through April 2006). McCloud further asserts that he intends to use this evidence to demonstrate that an independent mortgage broker defrauded the bank and McCloud. He submits that "a finding by the FDIC that Fremont's employees engaged in unsafe banking practices is probative to the fact that this happened on such a large scale that it is likely that third party industry insiders knew of Fremont's business practices, and used that knowledge to defraud both the bank and the bank's customers by falsifying loan applications." The Court finds that (1) this proffer of evidence is too tenuous of a connection to be relevant or to possess any probative value, and (2) the agreement between the FDIC and Fremont is likely to cause confusion to the members of the jury as it relates to the issues in this case.

Although the agreement between these two non-parties expresses that the FDIC had reason to believe that Fremont had engaged in improper banking practices, their written words do not constitute a definitive conclusion of criminal culpability or civil liability. Admitting this document into evidence would introduce unproven allegations of a wrongdoing that are totally unrelated to McCloud's conduct. It would confuse and prejudice the jury. Therefore, the Government's motion to exclude the agreement between Fremont and the FDIC is granted.

Finally, the Government requests that evidence or argument regarding the unrelated wrongdoing of other persons or entities be excluded. While the Court is hesitant to exclude a wide swathe of potential evidence in the absence of a specific proffer, the Government's request will be granted. From the outset, it appears that evidence or argument regarding the unrelated wrongdoing of other persons or entities would be irrelevant to the matters at hand and should be excluded.

2.

The second motion in limine is McCloud's effort to preclude the Government from making reference to prior state and federal criminal matters in which McCloud was a witness. The Government concurs in the relief sought by McCoud, agrees to forgo use of the earlier state court ruling and to make no mention of the underlying facts regarding the federal criminal matter during the trial in this case.

3.

Third, McCloud seeks to exclude the admission of all documents relating to properties not specified in the indictment on the ground that they are irrelevant and inadmissible pursuant to Fed. R. Evid. 401 and 402. The First Superseding Indictment charges McCloud with engaging in a conspiracy to commit wire fraud from March 2005 through April 2006. Count One of the First Superseding Indictment alleges that, "among other things," the conspiracy included five properties purchased between December 2005 and April 2006. Therefore, properties not listed in the indictment are relevant to proving the duration and scope of the alleged conspiracy,

McCloud also submits that even if the documents are relevant, they are inadmissable pursuant to Rule 403 because their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence. The Court cannot yet rule on whether the introduction of this evidence would cause unfair prejudice, confusion, undue delay, wasted time, or needlessly cumulative evidence. When and if the potential evidence is proposed at trial and there is an objection, the Court will make that determination. Therefore, the motion is denied.

For the reasons stated above, the Government's motion in limine in granted in part and

denied in part (ECF 21); McCloud's motions in limine are granted (ECF 26) and denied (ECF 30) for the reasons as noted above.

    IT IS SO ORDERED.


    S/Julian Abele Cook
    JULIAN ABELE COOK
    UNITED STATES DISTRICT JUDGE

Dated: August 22, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 22, 2012, by electronic and/or ordinary mail.

    S/Lisa Wagner for Kay Doaks
    Case Manager and Deputy Clerk
    (313) 234-5100